NUMBER 13-00-477-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


IN THE MATTER OF R.J.R., A CHILD


___________________________________________________________________


On appeal from the 36th District Court


of Aransas County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 Appellant, R.J.R., a juvenile, appeals the modification of his
probation and commitment to the Texas Youth Commission. We affirm.

 On March 25, 1997, the court found that R.J.R. had engaged in
delinquent conduct and placed him on probation. On February 22,
2000, the State filed a motion to modify R.J.R.'s probation and on April
18, 2000, the court held a hearing on the motion. R.J.R. pleaded true
to all of the allegations in the motion to modify. The court found that
R.J.R. had violated probation and committed him to the Texas Youth
Commission. 

 By a single issue R.J.R. complains of the order modifying his
probation and his commitment to the Texas Youth Commission because
his probation officer had allegedly promised to take him off of probation. 
R.J.R. asserts that he had paid off his restitution and that in February,
1999, his probation officer, Karen Lawrence, began preparing the
paperwork to get him off of probation. However Lawrence moved to
Chicago, Illinois, and the paperwork was never completed. On
December 2, 1999, he was caught with brass knuckles while still on
probation. He argues that had his paperwork been completed he would
not have been on probation at the time he was caught with the
knuckles. Thus his probation would not have been revoked, and he
would not have been committed to the Texas Youth Commission.

 R.J.R.'s probation officer did not testify at the hearing to modify
probation, and there is no evidence in the record to show that she had
promised to get him off of probation. Even if there was evidence
showing that she had completed the paperwork to get him off of
probation, the record does not show that the trial court would have
approved the termination of his probation. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 20(a) (Vernon Supp. 2001).(1) Although R.J.R. argues
that his possession of the knuckles led to the modification of his
probation we note that he pleaded true to several other probation
violations. We overrule the sole issue for review. 

 We affirm the judgment. 

 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 22nd day of March, 2001.

1. Sec. 20(a) provides: "At any time, after the defendant has
satisfactorily completed one-third of the original community
supervision period or two years of community supervision,
whichever is less, the period of community supervision may be
reduced or terminated by the judge. . . ." Tex. Code Crim. Proc. Ann.
42.12, § 20(a) (Vernon Supp. 2001).